## BURNSTINE v. REDDY.

(Supreme Court, Appellate Term. December 12, 1907.)

**1. APPEAL—ADJOURNMENTS—DISCRETION.**

> The grounds of an application for an adjournment, after several had been granted, not being such as to absolutely require it to be granted, but it being addressed to the favor of the court, the granting or refusal of it is within the court's discretion.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3837, 3845.]

**2. JUDGMENT—DEFAULT OF PLAINTIFF—RIGHT TO NEW ACTION.**

> The judgment for defendant, on plaintiff being unable to proceed, on the refusal of an adjournment, should be without prejudice to a new action.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1013.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Nathan Burnstine against Patrick J. Reddy. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Burnstine & Goldberg, for appellant.

PER CURIAM. The court below refused to grant an adjournment asked for by the plaintiff after the case had been adjourned previously several times, and, the plaintiff being unable to proceed, judgment in favor of the defendant was rendered against the plaintiff. The grounds set forth in the plaintiff's affidavit as a basis for the adjournment were not such as to absolutely require that the motion should be granted. The application was addressed to the favor of the court, and the granting or refusal of it was within the court's discretion. The judgment, however, should have been rendered without prejudice to a new action.

Judgment modified, by directing that the same be without prejudice to a new action, and, as modified, affirmed, without costs to either party on this appeal.